CHAMBERS, Circuit Judge:
 

 Shamrock Golf Company appeals from the district court’s dismissal of its appeal from the bankruptcy judge’s order adjudicating Shamrock to be bankrupt. The parties agree that the case is subject to the law in effect prior to the enactment of the 1978 Bankruptcy Code. The order of involuntary bankruptcy was based on the assumption that the original petition was timely, i.e. that it was filed within four months of the date of the alleged preferential transfers, in compliance with 11 U.S.C. § 21(aX2), prior to its repeal.
 

 The issue is a narrow one and it is not necessary to dwell on the factual details. The original petition was filed on October 20, 1977. The transfers that form the basis of the allegations of preference were by checks that were delivered on June 17, 1977, but not presented to the drawee bank for payment until June 20 and 21, 1977. The checks were paid and not dishonored on that date or thereafter.
 

 Shamrock’s position is that the payment was complete on June 17 and the transfers were not made within the statutory four-month period, thus the original petition was not timely filed. We agree. In
 
 Engstrom
 
 v.
 
 Wiley,
 
 191 F.2d 684, 686 (9th Cir. 1951), we held that payment by check constituted a “cash” sale, and was therefore a “contemporaneous transfer,” so long as the check was presented within a reasonable time and not dishonored. The same position is taken as to contemporaneous transfers in Section 547(c) of the 1978 Code. Indeed, the Notes of the Senate Judiciary Committee state:
 

 “Contrary to the language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of Section 547(c)(1) and (2).”
 

 We rely on rationale that applies to situations dealing with contemporaneous transfers as an exception to the preference provisions of the bankruptcy statutes. But the same rationale applies in cases arising under the four-month provision of Section 21(a)(2). We believe
 
 Engstrom v. Wiley
 
 is analogous to the present situation and we are not persuaded that general escrow law, cited by the creditors, should apply, e.g.
 
 Fitzpatrick v. Philco Finance Corp.,
 
 491 F.2d 1288 (7th Cir. 1974).
 

 Given this disposition of the case, we need not address the other issues raised by appellant. Reversed.