**YOUNG SUPPLY COMPANY, Plaintiff,**

v.

**McLOUTH STEEL CORP., Defendant.**

**Civ. No. 85–CV–2720–DT.**

United States District Court,
E.D. Michigan, S.D.

Oct. 22, 1985.

Allan Neef, Birmingham, Mich., for plaintiff.

Peter Swiecicki of Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant.

ORDER

COHN, District Judge.

This is a bankruptcy appeal. At issue is whether 11 U.S.C. § 547(c)(2)(1978), which provides:

"(c) the trustee may not avoid under the section a *transfer* —

. . . . .

(2) to the extent that such *transfer* was—

. . . . .

(B) made not later than 45 days after such debt was incurred ...."

(emphasis added) was intended to mean the transfer occurred when a check was delivered or when the drawee bank paid on the check. There is a split of authority. *In the Matter of Advance Glove Manufacturing Co.*, 761 F.2d 249, 250 n. 1 (6th Cir. 1985). One line of cases, followed by the bankruptcy court below, represented by *In the Matter of Advance Glove Manufacturing Company*, 25 B.R. 521 (E.D.Mich. 1982), holds that date of payment by the drawee bank is the transfer date. A second line of cases, represented by *In the Matter of Fasano/Harriss Pie Company*, 43 B.R. 871 (W.D.Mich.1984) and *O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35 (1st Cir.1984), holds that the delivery date of the check is the transfer date. In the latter situation transfer of the check must be without restrictions or an understanding that presentment will be delayed, and the

check must be promptly deposited as received.

I am persuaded that the second line of cases represents the correct view on the issue. First, the parties concede that under 11 U.S.C. § 547(c)(1) "transfer" is used to mean the delivery date of the check rather than the payment date. It would be anomalous indeed for the same word in a section of a statute to have two different meanings in successive subsections. Second, to the extent Congressional history is relevant, the floor statements of Representative Edwards and Senator DeConcini, managers in the House and Senate respectively of the bills which ultimately became the Bankruptcy Code of 1978, are consistent with the delivery date interpretation. See 124 Cong.Rec. H 11,047–115 at H 11097 and 124 Cong.Rec. S 17,404–33 at S 17414. These floor statements served as the conference report. Klee, *Legislative History of the New Bankruptcy Code*, 28 De Paul L.Rev. 941 (1979). Lastly, and perhaps most importantly, in the commercial world receipt of a check, as distinguished from the date it clears the drawee bank, is customarily looked upon as the date of payment of an obligation. See also *Shamrock Golf Co. v. Richcraft, Inc.*, 680 F.2d 645 (9th Cir.1982). The Order Granting Plaintiffs' Motion For Summary Judgment of June 5, 1985 in Adversary No. 83–2267 is REVERSED and this case is REMANDED to the bankruptcy court for entry of a judgment in favor of appellant and such further proceedings as are consistent with this order.

SO ORDERED.