In re ADVANCE INDUSTRIES,
INC., Debtor.

Edward F. SAMORE, Trustee, Plaintiff,

v.

Les EHRESMANN, Defendant.

Bankruptcy No. 84–04362.

Adv. No. 86–0011S.

United States Bankruptcy Court,
N.D. Iowa.

Aug. 14, 1986.

Jeffrey L. Poulson, Sioux City, Iowa, for plaintiff.

Jim P. Robbins, Boone, Iowa, for defendant.

Edward F. Samore, Sioux City, Iowa, trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is Defendant's Motion to Dismiss Trustee's § 547(b) preference complaint which came for hearing on July 9, 1986. The Court, having adduced the evidence and considered the arguments of counsel, now makes the following Findings, Conclusions and Order pursuant to F.R.B.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

### FINDINGS OF FACT

The following facts are not in dispute. On June 29, 1984, Advance Industries, Inc. (Debtor) delivered a $33,092.51 check to Defendant. The check was presented to and honored by the drawee, Bankers' Trust Company (Bankers') on July 5, 1984. Debtor filed its bankruptcy petition on September 28, 1984, 91 days after the check was delivered but 84 days after the check was honored.

### DISCUSSION

The issue before the Court is whether for purposes of § 547(b)(4) the transfer of Debtor's interest in property was made when the check was delivered or when it was honored. Section 547 provides in pertinent part as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any

transfer of an interest of the debtor in property—

\*   \*   \*   \*   \*   \*

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

There is a clear split of authority on this issue. The Trustee seeks to avoid the allegedly preferential transfer by arguing the transfer was not effective until Bankers' honored Debtor's check. Trustee relies on the decision in the *Matter of Duffy*, 3 B.R. 263 (Bkrtcy.S.D.N.Y.1980) and its progeny. Among these decisions is *In the Matter of Fasano-Harris Pie Co.*, 43 B.R. 871, 40 U.C.C.Rep. 538 (Bkrtcy.W.D.Mich. 1984). The rationale behind that decision is:

A check simply presents an order to the drawee bank to make payment and does not vest in the payee any title or interest in the funds of the bank until the check is honored. *See* § 3–409(1) of the Uniform Commercial Code. Prior to this date [date check is honored], third party creditors may prevent collection on the check through garnishment on the bank account or the payor can stop payment on the check. Additionally there may be insufficient funds to cover payment on the check.

*Fasano*, 43 B.R. at 873; 40 U.C.C.Rep. at p. 540. *See, also, In re Supermarket Distributors Corp.*, 25 B.R. 63, 65 (Bkrtcy.D. Mass.1982).

Defendant contends Debtor's interest in property was transferred when Debtor's check was delivered. Defendant relies on the line of cases represented by *In re Sider Ventures & Services Corp.*, 33 B.R. 708 (Bkrtcy.S.D.N.Y.1983), *aff'd*, 47 B.R. 406 (S.D.N.Y.1985). Decisions in this line focus on when the transfer is "perfected" as that term is used in 11 U.S.C. § 547(e)(1)(B). The decisions hold the transfer of debtor's interest in property relates back to delivery

if the check is honored within ten days of delivery.

The Court, having considered both lines of cases, respectfully declines to follow what is apparently the majority view. Rather, the Court is persuaded the latter line of cases represents the correct view and finds it is in agreement with the decision in *Sider* as affirmed.

Section 547(e) governs the time at which a transfer is deemed to have been made for purposes of § 547(b)(4). Under § 547(e)(2)(A) a transfer is made at the time such transfer takes effect between the transferor and the transferee if such transfer is perfected within ten days after the transfer. If however, perfection occurs more than ten days after the transfer, then the transfer is deemed made when the transfer is perfected pursuant to § 547(e)(2)(B).

Transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property,...." § 101(48). A transfer is made at the time it is effective.[1] As an instrument, a check is effective on delivery. § 554.3102, § 554.3104, Code of Iowa (1985); *Sider*, 33 B.R. at 710. Thus, Debtor's interest was effectively transferred when its check was delivered to Ehresman. *See, Matter of Advance Glove Manufacturing Co.*, 25 B.R. 521, 524 (Bkrtcy.E.D. Mich.1982).

Although perfection is often used in the context of secured transactions, it is defined for purposes of § 547 as the time when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee. Section 547(e)(1)(B). The transferee's interest is not necessarily limited to a security interest; it could include an ownership interest. Further, Black's Law Dictionary (5th ed. 1979) defines "perfect" as meaning complete; finished; executed; enforceable. In

---

1. "Though the issue of when a transfer is complete is a federal question, it must be decided with reference to state law." *Olsen-Frankman Livestock Marketing Service, Inc. v. Citizens Nat.*

*Bank*, 4 B.R. 809, 812 (D.Minn.1980), *citing McKenzie v. Irving Trust Co.*, 323 U.S. 365, 65 S.Ct. 405, 89 L.Ed. 305 (1945).

the context of payment by check then, the payee's interest is perfected when the drawee honors it.

Under the cases represented by *Fasano,* the decisions focus on the date the check is honored. This focus seems somewhat limited considering the Code sections discussed above. Specifically, the Code provides the ten day "relation back" period which this Court deems dispositive of the issue presented. The Court holds the transfer of Debtor's interest in property, represented by its check of June 29, 1984, was effectively made at delivery when Bankers honored the check within ten days of delivery. *See, Young Supply Company v. McLouth Steel Corp.,* 55 B.R. 356, 357 (D.C.E.D.Mich.1985); and *In re Blanton Smith Corp.,* 37 B.R. 303, 308–309 (Bkrtcy. M.D.Tenn.1984).

The Court notes its decision in this case harmonizes with the daily experience in the use of checks. One typically considers a debt "paid" even if it is not legally satisfied, on the date the payment check is delivered. *See, Sider,* 47 B.R. at p. 409.

■■■■ Further, the Court's decision is not entirely inconsistent with the *Duffy* line of cases. A check is the drawer's order to the drawee to make payment, and delivery of the check to the payee does not in itself vest any title or interest in the payee. *See,* § 554.3409, Code of Iowa (1985); and, *Fasano,* 43 B.R. at p. 872. The official comment to § 554.3802(1)(b) of the Iowa Uniform Commercial Code provides in part:

> It is commonly said that a check or other negotiable instrument is "conditional payment." By this it is normally meant that taking the instrument is a surrender of the right to sue on the obligation until the instrument is due, but if the instrument is not paid on due presentment the right to sue on the obligation is "revived."

The Court realizes there are situations which could prevent the drawee from honoring a check such as the drawer having insufficient funds in his account, the drawer's stop payment order, and garnishment of the drawer's account. Any one of these situations may merely prevent honor of the check. The payee may have a cause of action against the drawer but no preferential treatment results. In the event the drawer has sufficient funds to pay the check but honor occurs more than 10 days after delivery is effective, then the date the check is honored is the date of transfer.

Finally, the Court considers the legislative history of § 547(c)(1) and (2) which is instructive though not controlling in the issue at bar. *See, Blanton Smith,* 37 B.R. at p. 309; and *Young Supply Co.,* 55 B.R. at p. 357. In discussing the purpose of § 547(c), the House and Senate Reports contain the following language:

> This section is a substantial modification of present law. It modernizes the preference provisions and brings them more into conformity with commercial practice and the Uniform Commercial Code.

> Normally a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be "intended to be contemporaneous," and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. § 3–503(2)(a), that will amount to a transfer that is "in fact substantially contemporaneous."

H.R. 95–595, 95th Cong., 1st Sess., 372–373 (1977); S.R. 95–989, 95th Cong., 2nd Sess., 87–88, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5873–5874, 6328–6329.

The Congressional Record, after a conference between the House and Senate committees, reported as follows:

> Contrary to language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of §§ 547(c)(1) and (2).

124 Cong.Rec.H. 11097 (Daily ed. September 28, 1978) and S. 1741414 (Daily ed. October 6, 1978).

The significance of these passages lies in the Congress' recognition that the Uniform Commercial Code and general business practices ought to be considered and addressed.

### ORDER

Defendant's Motion to Dismiss adversary complaint No. 86–0011S is granted.