FERGUSON, Circuit Judge:
 

 Plaintiff Robert K. Morrow, Inc., trustee for the debtor, Kenitra, Inc., appeals the district court’s affirmance of the bankruptcy court’s dismissal of adversary proceedings against defendants Agri-Beef Co. and Independent Grain Co., and partial dismissal of an adversary proceeding against Waldrip Bros. We affirm.
 

 I.
 

 More than ninety days before creditors filed an involuntary bankruptcy petition against the debtor, the debtor gave checks to the defendants as payments on existing debts. The banks on which the checks were drawn honored them within ninety days of the date of the filing. The trustee filed adversary proceedings to avoid the
 
 *791
 
 payments as preferences under 11 U.S.C. § 547(b). The proceeding against Waldrip Bros, involved one check given prior to the ninety-day period but honored within it, and one check given and honored within the period.
 

 The bankruptcy court granted summary judgment for Agri-Beef and Independent Grain, and partial summary judgment for Waldrip Bros, on that part of the claim involving the check given prior to the ninety-day period. The district court consolidated the appeals and affirmed. The trustee filed a timely appeal.
 

 II.
 

 A debtor’s payment by check on an existing debt, presented to the bank within a reasonable time and honored by the bank, is deemed made at the time the debtor gave the check to the creditor.
 
 Shamrock Golf Co. v. Richcraft, Inc.,
 
 680 F.2d 645 (9th Cir.1982);
 
 [1]
 

 In re Walker Industrial Auctioneers, Inc.,
 
 45 B.R. 452 (Bankr.Or.1984) (applying
 
 Shamrock Golf).
 
 Payments made on existing debts within ninety days of the filing of the petition are avoidable as preferences. 11 U.S.C. § 547(b). The payments here were not avoidable under section 547: The debt- or gave the checks to the defendants before the ninety-day preference period started, the defendants presented the checks to the bank within a reasonable time, and the bank honored the checks.
 

 The defendants request sanctions under Fed.R.App.P. 38 for a frivolous appeal. We decline to impose sanctions. However, on this appeal the trustee challenged, with little hope of succeeding, a well-settled Ninth Circuit rule. This circumstance may affect the bankruptcy or district court’s determination of the trustee’s fees for this litigation.
 

 AFFIRMED.
 

 [1]
 

 . The bankruptcy proceeding in
 
 Shamrock Golf
 
 was governed by the 1898 Bankruptcy Act, but the case also referred to the 1978 Bankruptcy Code. There were no changes in the 1978 Code or in the 1984 Bankruptcy Code that suggest a reason to depart from the rule in
 
 Shamrock Golf.