825 F.2d 197
 17 Collier Bankr.Cas.2d 305, 16 Bankr.Ct.Dec. 736,
Bankr. L. Rep. P 71,934
 In re WOLF & VINE, a California Corporation, dba Wolf &
Vine, Inc., Debtor.
Arnold L. KUPETZ, Trustee for the ESTATE OF WOLF & VINE,
INC., Plaintiff-Appellee,
v.
ELAINE MONROE ASSOCIATES, INC., Defendant-Appellant.
 No. 86-5608.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1987.
Decided Aug. 12, 1987.
 
 Joseph W. Fairfield, Los Angeles, Cal., for defendant-appellant.
 Patricia A. Mitchell, Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before PREGERSON and NORRIS, Circuit Judges, and BURNS,* District Judge.
 PREGERSON, Circuit Judge:
 
 
 1
 Appellant Elaine Monroe Associates, Inc. appeals from the district court's reversal of a bankruptcy court judgment holding that appellee Kupetz, the bankruptcy trustee, could not avoid two check payments made by the debtor, Wolf & Vine, Inc. to appellant.
 
 
 2
 The parties raise only one issue on appeal: whether the two check payments legally took place when the checks were delivered to appellant or four months later when the checks were honored by the drawee bank. Appellant argues that the payments could not be avoided under 11 U.S.C. Sec. 547 because payment legally took place when the checks were delivered. Appellee argues that the payments can be avoided because payment legally took place when the checks were honored.
 
 
 3
 Although recognizing that, for purposes of section 547, check transactions normally take place at the time of delivery, the district court held that the four-month delay between delivery and honoring of the checks was unreasonable and, therefore, that the transactions were completed only when the checks were honored. We affirm.
 
 BACKGROUND
 
 4
 Appellant, Elaine Monroe Associates, Inc., performed promotional services for debtor Wolf & Vine, Inc. ("the debtor"). For services rendered during the month of June 1981, appellant billed the debtor $3,169.14. The debtor paid appellant by check on July 14, 1981. The check was not honored by the bank on which it was drawn until October 13, 1981. For services rendered during the month of July 1981, appellant billed the debtor $3,043.65. The debtor paid appellant by check on July 31, 1981. The check was not honored until November 25, 1981.
 
 
 5
 The debtor filed a chapter 11 bankruptcy petition on December 23, 1981. Debtor's bankruptcy was swiftly converted into a Chapter 7 liquidation. Appellee, Arnold Kupetz, was appointed bankruptcy trustee on January 19, 1982.
 
 
 6
 On January 12, 1984, appellee/trustee filed this proceeding against appellant to avoid the payments made for the services rendered in June and July 1981, and to recover the $6,212.79 paid to appellant. In his complaint, appellee/trustee alleged that he could avoid the two payments under 11 U.S.C. Sec. 547(b) because (1) the debtor was insolvent at the time the transfers were made, (2) the transfers were made within ninety days of the filing of the bankruptcy petition, and (3) the transfers allowed a creditor, appellant, to receive more than it would otherwise have received from the bankruptcy estate. Appellee/trustee argued that avoidance was not prevented by 11 U.S.C. Sec. 547(c)(2)(B) because the payments were not made within forty-five days of the time that the services were rendered.
 
 
 7
 Appellant asserted that the appellee/trustee could not avoid the transfer because (1) payment was made within forty-five days of the time when the services were rendered, and (2) payment was made more than ninety days before the bankruptcy petition was filed.
 
 
 8
 Appellant argued that the payments took place when the checks were delivered, on July 14 and 31, within forty-five days of the time services were rendered and more than ninety days before the filing of the bankruptcy petition on December 23. Appellee argued that the payments took place when the checks were honored by the bank, on October 13 and November 25, more than forty-five days after the services were rendered and within ninety days of the filing of the bankruptcy petition.
 
 
 9
 The Bankruptcy Court ruled for appellant, finding that "[f]or the purpose of maintaining a preference action pursuant to 11 U.S.C. Sec. 547, it is the date of the issuance of a check, and not the date of honor by the drawee bank, which shall determine the date upon which such transfer shall be deemed to have been made and perfected."
 
 
 10
 The district court reversed, but not on the ground that section 547 check transfers always take place when the checks were honored. Instead, the district court held that the unexplained four-month delay between the delivery of the checks and their being honored was "per se unreasonable" and therefore that these payments only took place when the checks were honored.
 
 STANDARD OF REVIEW
 
 11
 Because this court is in as good a position as the district court to review the bankruptcy court's findings, the bankruptcy court's decision is reviewed independently. Acequia, Inc. v. Clinton (In re Acequia, Inc.), 787 F.2d 1352, 1357 (9th Cir.1986); Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986). This court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and its conclusions of law de novo. Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374, 1377 (9th Cir.1985).
 
 ANALYSIS
 I. 11 U.S.C. Sec. 547
 
 12
 Section 547 of the Bankruptcy Code gives a bankruptcy trustee the power to avoid "preferential" transfers by the debtor to creditors when the transfers are made within a certain period of time before the filing of the bankruptcy petition. This avoidance power prevents the debtor from favoring some creditors over others by making payments to them just before filing for bankruptcy. Grover v. Gulino (In re Gulino), 779 F.2d 546, 548-49 (9th Cir.1986). Section 547 was amended substantially in 1984. Act of July 10, 1984, Pub.L. No. 98-353, 98 Stat. 355, 378 (1984). Those amendments, however, do not affect this proceeding because the transactions at issue took place in 1981.
 
 
 13
 Section 547(b)[1] authorizes the trustee to avoid a transfer if five conditions are met: (1) the transfer is made for the benefit of a creditor; (2) the transfer is for or on account of a debt owed before the debtor made the transfer; (3) the debtor was insolvent when the transfer was made; (4) the transfer was made during the ninety days immediately preceding the filing of the bankruptcy petition; and (5) the transfer enabled the creditor to receive more than he would otherwise have received from the bankruptcy estate. S.Rep. No. 989, 95th Cong., 2d Sess. 87, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5873; H.R.Rep. No. 595, 95th Cong., 2d Sess. 372, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6328; see Levin, An Introduction to the Trustee's Avoiding Powers, 53 Am.Bankr.L.J. 173, 183 (1979).
 
 
 14
 An avoidance that meets the conditions of section 547(b) can still be barred by section 547(c), which provides exceptions to the trustee's avoiding power. Section 547(c)(1) and the pre-1984 section 547(c)(2)[2] excepted transactions from the avoiding power if (1) the transaction was intended as a contemporaneous exchange for new value and was a substantially contemporaneous exchange; or (2) the transaction was made in the ordinary course of business or not later than forty-five days after the debt was incurred. See Levin, 53 Am.Bankr.L.J. at 186; 1978 U.S.Code Cong. & Admin.News at 5874, 6329.
 
 II. Time of Transfer
 
 15
 The question at issue in this case, whether a transfer made by check takes place when the check is delivered to the creditor or when the check is honored, is critical for determining whether the check transaction can be avoided under section 547. The time at which a transaction takes place determines whether it is subject to the avoidance power provided by section 547(b)(4)(A) if the transaction is made during the ninety-day period immediately preceding the filing of the bankruptcy petition or whether it qualifies for the exception provided by the pre-1984 section 547(c)(2) if the transaction takes place within forty-five days of the date when the debt was incurred.
 
 
 16
 Appellant argues that this court decided the question when a transfer by check takes place for purposes of section 547 in Shamrock Golf Co. v. Richcraft, Inc., 680 F.2d 645 (9th Cir.1982). In Shamrock Golf, we stated:
 
 
 17
 In Engstrom v. Wiley, 191 F.2d 684, 686 (9th Cir.1951), we held that payment by check constituted a "cash" sale, and was therefore a "contemporaneous transfer," so long as the check was presented within a reasonable time and not dishonored. The same position is taken as to contemporaneous transfers in Section 547(c) of the 1978 [Bankruptcy] Code. Indeed the notes of the Senate Judiciary Committee state:
 
 
 18
 Contrary to the language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of Sec. 547(c)(1) and (2).
 
 
 19
 Id. at 646 (quoting 124 Cong.Rec. 32,400 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 6436, 6457 (statement of Congressman Edwards)).
 
 
 20
 The rule that a check transfer takes place at delivery, set forth in dictum in Shamrock Golf, was affirmed in Robert K. Morrow, Inc. v. Agri-Beef Co. (In re Kenitra, Inc.), 797 F.2d 790, 791 (9th Cir.1986) ("A debtor's payment by check on an existing debt, presented to the bank within a reasonable time and honored by the bank, is deemed made at the time the debtor gave the check to the creditor....") cert. denied, --- U.S. ----, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987). In re Kenitra also expanded the Shamrock Golf holding by using the transfer-on-delivery rule to determine whether a transaction fell within the ninety-day period provided by section 547(b)(4)(A). Contra Itule v. Luhr Jensen & Sons, Inc. (In re Sportsco, Inc.), 12 B.R. 34, 36 (Bankr.D.Ariz.1981) (A check transfer takes place when the check is honored.).
 
 
 21
 Kenitra and Shamrock Golf, if carefully read, are not inconsistent with another Ninth Circuit case, McClendon v. Cal-Wood Door (In re Wadsworth Building Components, Inc.), 711 F.2d 122 (9th Cir.1983). Wadsworth applied the transfer timing provisions in section 547(e) to check transactions and held that check transfers only take place at the time the check is delivered if the check was honored within ten days of delivery.Section 547 provides that if a transfer is in the form of a check and if the check is not honored within ten days from execution ... then the transfer is made when the check is honored by the drawee bank. 11 U.S.C. Sec. 547(e)(2)(A) and (B)....
 
 
 22
 711 F.2d at 123.
 
 
 23
 Shamrock Golf, In re Kenitra, and Wadsworth can be reconciled because they address different subparts of section 547. The language set forth in Shamrock Golf addressed only sections 547(c)(1) and (2) and In re Kenitra involved only the ninety-day preference period provision of section 547(b)(4)(A). On the other hand, Wadsworth involved the "new value exception" to the avoidance power, authorized by section 547(c)(4). Congress did not necessarily contemplate a unitary concept of time of transfer for all parts of section 547. See Gold Coast Seed Co. v. Spokane Seed Co. (In re Gold Coast Seed Co.), 30 B.R. 551, 553 (Bankr. 9th Cir.1983).
 
 
 24
 This case involves both the ninety-day preference period defined in 547(b)(4)(A) and dealt with in In re Kenitra and the within-forty-five-days-of-debt exception provided by 547(c)(2) and addressed in Shamrock Golf. It does not involve the "new value" exception to the avoidance power created by section 547(c)(4) and discussed in Wadsworth. Therefore, this case is governed by the Shamrock Golf transfer-on-delivery rule.
 
 III. The Four-Month Delay
 
 25
 The district court's reversal of the bankruptcy court's ruling is based on its finding that the four-month delay in honoring the two checks brought them within one of the two exceptions to the transfer-on-delivery rule set forth in Shamrock Golf. Shamrock Golf provides that payment by check constitutes a contemporaneous transfer "so long as the check was presented within a reasonable time and not dishonored." 680 F.2d at 646; In re Kenitra, 797 F.2d at 791.
 
 
 26
 The district court's finding that the four-month delay goes beyond what the Shamrock Golf court contemplated as "a reasonable time" is supported by both legislative history and common sense.
 
 
 27
 The Shamrock Golf rule is founded on legislative history that applies to both section 547(c)(2), at issue here, and 547(c)(1), the contemporaneous exchange exception. Legislative history suggests that a reasonable time for purposes of honoring a check under 547(c)(1) is not more than thirty days. Both the Senate and House Reports on the Bankruptcy Reform Act of 1978 provide:
 
 
 28
 Subsection (c) contains exceptions to the trustee's avoiding power. If a creditor can qualify under any one of the exceptions, then he is protected to that extent....
 
 
 29
 The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be "intended to be contemporaneous," and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. Sec. 3-503(2)(a), that will amount to a transfer that is "in fact substantially contemporaneous."
 
 
 30
 1978 U.S.Code Cong. & Admin.News at 5874, 6329 (emphasis added).
 
 
 31
 U.C.C. Sec. 3-503(2), the Uniform Commercial Code section referred to in the legislative history, provides:
 
 
 32
 In the case of an uncertified check which is drawn and payable within the United States and which is not a draft drawn by a bank the following are presumed to be reasonable periods within which to present for payment or to initiate bank collection:
 
 
 33
 (a) with respect to the liability of the drawer, thirty days after date or issue whichever is later....
 
 
 34
 The specific references to a thirty-day period in both the legislative history of the Bankruptcy Act and U.C.C. Sec. 3-503(2)(a), incorporated into the legislative history by reference, make it clear that, for purposes of section 547(c)(1), a reasonable time for honoring an uncertified, domestic, personal check is thirty days. See Franzwa v. Pro Sales, Inc. (In re Walker Industrial Auctioneers, Inc.), 45 B.R. 452, 454 (Bankr.D.Ore.1984); cf. Ray v. Security Mutual Finance Corp. (In re Arnett), 731 F.2d 358, 361-62 (6th Cir.1984) (Legislative history reveals that a thirty-day delay between receipt and negotiation of a check does not preclude a substantially contemporaneous exchange under section 547(c)(1).).
 
 
 35
 Evidence supports the assertion that the definition of "reasonable time" for honoring checks, established for section 547(c)(1), is the same for sections 547(c)(2) or 547(b)(4)(A). Neither the language in the Senate and House reports on the Bankruptcy Reform Act of 1978 regarding section 547(c)(2), 1978 U.S.Code Cong. & Admin.News 1978 at 5874, 6329, nor the language in the Senate and House reports regarding section 547(b), id. at 5873, 6328 defines time of transfer. Both Shamrock Golf and the legislative history on which it is grounded treat sections 547(c)(1) and (2) together. In re Kenitra applies the Shamrock Golf rule and its reasonable time exception to 547(b)(4)(A).
 
 
 36
 Moreover, like section 547(c)(1), sections 547(b) and (c)(2) are time regulated. The applicability of both the section 547(b) ninety day preference period and the section 547(c)(2) within-forty-five-days-of-debt exception depends entirely on the date on which the transfer is deemed to have taken place. If a check transaction takes place when the check is delivered, regardless of when the check is honored and money is actually transferred, then sections 547(b) and (c)(2) can be manipulated. Limiting the "reasonable time" allowed by Shamrock Golf and In re Kenitra to thirty days will limit the opportunity for manipulation of check transactions.
 
 
 37
 Applying the rule that a reasonable time, for purposes of Shamrock Golf, can be no longer than thirty days, we find that the four month delay between the delivery and honoring of the two checks at issue was clearly unreasonable. Therefore, this case falls within the "reasonable time" exception to the Shamrock Golf rule and the check transaction did not take place when the check was issued or delivered, but, instead, when the check was honored. Therefore, so far as section 547 is concerned, an appellee/trustee may avoid the two check transactions. The decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 Pre-1984 Section 547(b) provided:
 Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor--
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made--
 (A) on or within 90 days before the date of the filing of the petition; or
 (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer--
 (i) was an insider; and
 (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
 (5) that enables such creditor to receive more than such creditor would receive if--
 (A) the case were a case under chapter 7 of this title;
 (B) the transfer had not been made; and
 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
 
 
 [2]
 Pre-1984 Section 547(c) provided:
 The trustee may not avoid under this section a transfer-- ...
 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
 (B) in fact a substantially contemporaneous exchange;
 (2) to the extent that such transfer was--
 (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
 (B) made not later than 45 days after such debt was incurred....