In re NUCORP ENERGY, INC., an Ohio corporation, and its affiliates, Debtors.

NEWTON EXPLORATION COMPANY, INC., a Montana corporation, Appellant,

v.

Milton FREDMAN, Trustee, for the Nucorp Liquidating Trust, Appellee.

BAP No. SC 87–1568–AsRP.

Bankruptcy No. 82–03106–K–11.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 21, 1988.

Decided Sept. 23, 1988.

Eric V. Benham, Sullivan, Delafield, McDonald & Middendorf, San Diego, Cal., for appellant.

Ali M.M. Mojdehi, Baker & McKenzie, San Diego, Cal., for appellee.

Before ASHLAND, RUSSELL and PERRIS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Creditor Newton Exploration Company appeals a judgment of the bankruptcy court granting the recovery of $100,232.75 to the debtor's estate as a preferential payment. Although the payment from the debtor to Newton was mailed 91 days before the debtor filed its Chapter 11 petition, the check was received and honored by the debtor's bank during the preference period.

## FACTS

Before bankruptcy, the debtor Nucorp Energy, Inc. hired the appellant Newton Exploration Company, Inc. to perform seismic engineer work for the period from De-

cember 1981 through February 1982. On April 27, 1982 the debtor issued and mailed a check to Newton for $100,232.75. This check was received by Newton on April 28, 1982 and was deposited and honored by the bank on May 3, 1982.

On July 27, 1982 the debtor filed its Chapter 11 petition. On January 21, 1985 the trustee, appellee Milton Fredman, filed a complaint to avoid preferential transfer pursuant to 11 U.S.C. § 547 (Bankruptcy Code). On April 21, 1987 a trial was held on stipulated facts. The court entered its order on May 8, 1987 awarding judgment for the trustee in the amount of $100,-232.75 plus interest and costs. Newton timely appealed.

## ISSUE

Whether the transfer was made on or within 90 days before the date of filing the petition and was, therefore, a preference pursuant to 11 U.S.C. § 547(b).

## DISCUSSION

Bankruptcy Code § 547(b)(4)(A) provides that a trustee may avoid a transfer of an interest in the debtor's property made on or within 90 days before the date of filing the petition. The question of when a transfer occurs for purposes of this section is one of statutory interpretation which is reviewed de novo. *In re Benny*, 812 F.2d 1133, 1140 (9th Cir.1987).

■ Appellant, Newton Exploration Company, Inc., argues that this court must look to state law to determine when a transfer is made. Newton cites ninth circuit cases holding that a transfer occurs upon delivery and attempts to define the term "delivery" through the Uniform Commercial Code and Montana caselaw. However, the determination of what constitutes a transfer under the Bankruptcy Code requires uniform application. Therefore, federal, not state law, must be invoked in making this determination. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945). The cases in this circuit have stated that a transfer under the Bankruptcy Code occurs upon delivery to the creditor, *In re Wolf &*

*Vine*, 825 F.2d 197, 201 (9th Cir.1987); *Shamrock Golf Co. v. Richcraft, Inc.*, 680 F.2d 645, 646 (9th Cir.1982); or when the check is given to the creditor, *In re Kenitra*, 797 F.2d 790, 791 (9th Cir.1986), but not when the check is mailed. *In re Gold Coast Seed Co.*, 30 B.R. 551, 552 (9th Cir. BAP 1983).

■ Here, it is of no consequence whether we apply the date of receipt to the creditor or the date of honoring by the drawee bank as the date of the transfer. Either rule would lead us to the conclusion that the transfer occurred within 90 days before the petition was filed and, thus, was a preferential transfer.

The general rule in the ninth circuit is that the transfer of payment by check occurs on the date that the check is delivered. *See, e.g., Wolf & Vine, supra.* The cases establishing this general rule all rely on *Shamrock Golf, supra.* In *Shamrock Golf* the court relied on the "rationale that applies to situations dealing with contemporaneous transfers as exceptions to the preference provisions of the bankruptcy statutes." 680 F.2d at 646. However, we submit that the rationale for the transfer upon delivery rule applies only to the § 547(c) exceptions to a preference and should not be applied in a § 547(b) analysis of transfer. Indeed, the court in *Wolf & Vine* has stated that "Congress did not necessarily contemplate a unitary concept of time of transfer for all parts of section 547." 825 F.2d at 201; *see also* H.R.Rep. No. 95–595, 95th Cong., 1st Sess.; S.Rep. No. 95–989, 95th Cong., 1st Sess. (1978) U.S.Code Cong. & Admin.News pp. 5787, 5963.

■ Although *Shamrock Golf* was decided under the Bankruptcy Act of 1898, as amended, the court relied upon the legislative history of 11 U.S.C. § 547(c)(1) and (2) in formulating the transfer upon delivery rule so often cited from this case.

Contrary to the language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when

the check is delivered for purposes of Section 547(c)(1) and (2).

124 Cong.Rec. 32–400 (1978).

The rationale for this rule, as it applies to § 547(c)(1) (contemporaneous exchange exception) and § 547(c)(2) (ordinary course of business exception), is obvious. Such a rule does not discourage creditors from doing business with an insolvent entity or one who is a potential debtor in bankruptcy because the creditor is aware that upon delivery of a check it has received a transfer which will not be a voidable preference, even if the debtor files for bankruptcy within 90 days of delivering the check. If this were not the case, and a transfer for purposes of these subsections was not made until deposit with the drawee bank or honoring of the check, a creditor may be discouraged from dealing with an insolvent or financially unsound entity for fear that payment may not be considered "substantially contemporaneous" or made "in the ordinary course of business."

The same rationale applies to other subsections of § 547(c).

The purpose of § 547(c)(4) is precisely to encourage trade creditors to continue dealing with troubled businesses. If this judgment were affirmed, the result would be to discourage merchants from extending new credit in reliance upon the receipt of payment of antecedent debts in the form of checks until such checks have cleared the bank. Under this analysis, the determination of the time of "transfer" for purposes of § 547(c)(4) is independent from determination of the time of "transfer" for the purposes of inclusion within the 90 day period.

*In re Gold Coast Seed*, 30 B.R. at 553.

This rationale, however, does not apply to § 547(b). The transfer upon delivery rule, for purposes of § 547(b) does not encourage business with an insolvent or financially depressed entity.

The court in *Wolf & Vine*, in dicta, states,

Moreover, like section 547(c)(1), sections 547(b) and (c)(2) are time regulated. The applicability of both the section 547(b) ninety day preference period and the section 547(c)(2) within-forty-five-days-of-debt exception depends entirely on the date on which the transfer is deemed to have taken place. If a check transaction takes place when the check is delivered, regardless of when the check is honored and money is actually transferred, then sections 547(b) and (c)(2) can be manipulated. Limiting the "reasonable time" allowed by *Shamrock Golf* and *In re Kenitra* to thirty days will limit the opportunity for manipulation of check transactions.

825 F.2d at 202.

However, we suggest a simpler and more accurate rule to achieve the same result of curing any manipulation caused by a delay in time between delivery and honoring of the check. A transfer for purposes of § 547(c) is the date of delivery of the check to the creditor, but a transfer for purposes of § 547(b)(4)(A) occurs on the date when the drawee bank honors the check.

In applying the *Wolf & Vine* rule for § 547(b)(4)(A) the court is required to determine the date upon which the creditor received the check and the date the check was honored by the drawee bank. Only if the check was honored within a reasonable time of delivery, 30 days, will it not be a preference under § 547(b).

However, the rule that the transfer occurs when the check is honored requires calculation of only one date. The date of honoring is an easily identifiable date; whereas date of delivery may be more vague. For example, the delivery rule can cause confusion if the check was post-dated or if the delivery of the check was made to a third party, rather than directly to the creditor. The transfer upon honoring rule further eliminates the need to reconcile the language of the cases which vary the delivery rule by stating that the transfer occurs when the check is "given", *e.g., Kenitra, supra,* or when the check is "received", *e.g., Gold Coast Seed, supra.*

Perhaps the best reason to apply the transfer upon honoring rule in a § 547(b) calculation is that this rule is more accurate. A transfer, as defined in Bankruptcy

Code § 101(50), is every mode of "disposing of or parting with property or with an interest in property." In the case of payment by check, the payment is not actually made, and property parted with, until the bank honors the check and releases the funds. Prior to this point, the debtor can cancel the check or there may be insufficient funds upon which to draw the check.

A transfer has not technically occurred until the transferee's right to the funds is perfected, so that a creditor with a judgment could not execute on the funds, thereby superceding the rights of the transferee. Likewise, a trustee in bankruptcy has had a "strong arm" power since 1910, allowing the trustee to avoid transfers of the debtor's property as would a judicial lien creditor or a creditor holding an execution returned unsatisfied. Bankruptcy Code § 544(a) formerly § 47(a)(2) of the Bankruptcy Act of 1898. Therefore, for purposes of § 547(b) the payment should not be considered a transfer until the property is actually parted with and the check is honored.

## CONCLUSION

Whether the court applies the transfer upon delivery rule or the transfer upon honoring rule for purposes of § 547(b)(4)(A), the subject transfer took place within 90 days before the bankruptcy was filed. The transfer was, therefore, a preference and the bankruptcy court is affirmed.

PERRIS, Bankruptcy Judge, concurring.

Although I agree with the majority's disposition of the present case, I do not join in the majority's suggestion that a transfer through a payment by check occurs, for purposes of § 547(b), on the date when the drawee bank honors the check. The controlling cases in this circuit hold that, for purposes of § 547(b)(4), a transfer occurs when the check is given or delivered to the creditor, provided that the check is presented to and honored by the drawee bank within a reasonable time. *In re Kenitra,* 797 F.2d 790, 791 (9th Cir.1986); *In re Wolf*

*& Vine,* 825 F.2d 197, 201 (9th Cir.1987). In the *Kenitra* case, the court of appeals expressly declined to apply the definition of transfer suggested by the majority. Although a number of cases have disagreed with the Ninth Circuit's approach, and the rule suggested by the majority might be simpler and more accurate, we are bound by the rule expressed in *Kenitra* and *Wolf & Vine*. Furthermore, we need not reach the question of whether the definition of transfer is different under § 547(b) than it is under § 547(c) because the transfer at issue occurred within ninety days of bankruptcy regardless of whether payment by check constitutes a transfer when the check is received by the creditor or when the check clears the drawee bank.