In re Alan J. and Mary Frances ANTWEIL, husband and wife, Hobbs Pipe and Supply, a general partnership, Morris R. Antweil, Debtors.

Elliott JOHNSON, Plaintiff/Appellant,

v.

William BARNHILL, Defendant/Appellee.

Civ. No. 89–0316–JP.

United States District Court, D. New Mexico.

Feb. 27, 1990.

William J. Arland, Albuquerque, N.M., for Barnhill and Bravo Energy.

Gail Gotleib, Albuquerque, N.M., and John E. Howland, Tulsa, Okl., for Estate of Cash.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The subject of this Memorandum Opinion and Order is an appeal from two orders of the United States Bankruptcy Court filed on March 1, 1989. The first order granted a motion brought by William Barnhill (appellee) to dismiss Johnson's First Amended Complaint. The second order denied a motion brought by Elliott Johnson (appellant/trustee) to file a Second Amended Complaint.[1] Having considered the briefs and record on appeal, and having consulted the applicable authorities, I conclude that both the "Order Dismissing Defendant Barnhill" and the "Order Denying Plaintiff's Motion To File A Second Amended Complaint" should be affirmed.

### BACKGROUND

The following facts were ascertained by reference to the briefs submitted by the parties and the record on appeal.

1. On February 18, 1986, Alan J. and Mary Frances Antweil, Hobbs Pipe and Supply, and Morris R. Antweil (deceased) (the "debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. On May 15, 1986, Elliott Johnson (the "Trustee") was appointed trustee of the bankruptcy estates.

3. On May 12, 1988, Trustee filed an adversary proceeding to recover alleged preferential transfers. In Count I of his Complaint, Trustee alleged that Barnhill had received a preferential transfer in the amount of $157,149.22 in the form of a check dated November 19, 1985.

4. On June 17, 1988, Barnhill filed a Motion To Dismiss the Trustee's Complaint.

5. On October 6, 1988, Trustee filed a First Amended Complaint. The parties agree that none of the amendments contained in this complaint affected the allegations against Barnhill contained in the original complaint.

6. On October 11, 1988, Trustee filed a "Motion For Leave To File Second Amended Complaint To Recover Preferential Transfers." This proposed amended complaint alleged that the check at issue "was delivered to William Barnhill and/or his agents on November 18, 1985, ... postdated to November 19, 1985, and ... honored by the drawee on November 20, 1985." Record On Appeal at 27.

7. On October 13, 1988, Barnhill filed a Motion To Dismiss the First Amended Complaint and an "Objection To Motion For Leave To File Second Amended Complaint To Recover Preferential Transfers."

8. On March 1, 1989, the Bankruptcy Court granted Barnhill's motion to dismiss the First Amended Complaint and denied Trustee's motion for leave to file a Second Amended Complaint. (*Johnson v. Barnhill (In re Antweil)*, 97 B.R. 69 (Bkrtcy.D. N.M.1989)).

9. On March 10, 1989, Trustee filed a Notice of Appeal to this Court.

### DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Because this appeal presents a pure question of law, the bankruptcy court's decision will be reviewed *de novo*. See *Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399–400 (10th Cir.1986) (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir.1985) (per curiam)).

---

1. Johnson additionally appealed an earlier order entered by the Bankruptcy Court on October 24, 1988. That order found that the appropriate method to count days for purposes of the 90-day preference period under 11 U.S.C. § 547(b)(4)(A) is backwards from the date of filing of a bankruptcy petition. *See Johnson v. Barnhill (In re Antweil)*, 97 B.R. 63, 64 (Bkrtcy. D.N.M.1988). On March 27, 1989, this order was affirmed by the District Court (Burciaga, J.) (CIV 88–1313–JB) and is therefore not at issue in this appeal.

The underlying issue in this appeal is the applicable date of transfer of debtors' check to Barnhill for purposes of the 90–day preference period under 11 U.S.C. § 547(b)(4)(A).[2] The parties have stipulated that Barnhill received the check at issue on November 18, 1985 and the check was dated and deposited on November 19, 1985. Additionally, the parties appear to agree that the drawee bank honored the check on November 20, 1985.[3]

Trustee contends the Bankruptcy Court erred by finding that the applicable date for transfer of a check under section 547(b)(4)(A) is the date of delivery rather than the date the drawee bank honors the check. Alternatively, Trustee contends the Bankruptcy Court erred by finding that this date of delivery rule also applies to postdated checks. I disagree with both of these contentions.

A. *Applicable Date of Transfer of Debtors' Check*

■ The Bankruptcy Court properly relied on the Tenth Circuit decision in *Bernstein v. RJL Leasing (In re White River Corp.),* 799 F.2d 631 (10th Cir.1986). *White River* held that, for purposes of the exception under 11 U.S.C. § 547(c)(2) to a section 547(b) preference action, a transfer occurs upon delivery of a check. *Id.* at 633. Based on *White River,* the Bankruptcy Court found "that the date of delivery rule should apply to [section] 547(b) preference actions as well as to [section] 547(c) defenses thereto." *Johnson v. Barnhill*

*(In re Antweil),* 97 B.R. 69, 70 (Bkrtcy.D. N.M.1989).

Trustee does not contest *White River's* validity but rather contends that *White River's* date of delivery rule should be limited to section 547(c) defenses and a date of honor rule should apply to preference actions under section 547(b). In support of this contention, Trustee relies on numerous authorities that hold that a date of honor rule controls for purposes of section 547(b). *See, e.g., Remes v. Acme Carton Corp. (In re Fasano/Harriss Pie Co.),* 43 B.R. 871, 873 (Bkrtcy.W.D.Mich.1984) (citing cases).

While acknowledging a split of authority on this issue,[4] I am nevertheless persuaded that a date of delivery rule should apply to both preference actions and defenses under section 547 of the Bankruptcy Code. First, the majority of the federal courts of appeals that have considered the section 547 transfer by check issue have applied a transfer on delivery rule. *See Braniff Airways, Inc. v. Midwest Corp.,* 873 F.2d 805 (5th Cir.1989); *Durham v. Smith Metal and Iron Co. (In re Continental Commodities, Inc.),* 841 F.2d 527, 530 (4th Cir. 1988); *Kupetz v. Elaine Monroe Associates, Inc. (In re Wolf & Vine),* 825 F.2d 197, 201 (9th Cir.1987); *White River,* 799 F.2d at 633; *Ray v. Security Mutual Finance Corp. (In re Arnett),* 731 F.2d 358, 361 (6th Cir.1984); *O'Neill v. Nestle Libbys P.R., Inc.,* 729 F.2d 35, 38 (1st Cir.1984).[5] *But see Nicholson v. First Investment Co.,* 705 F.2d 410, 413 (11th Cir.1983) (ap-

---

**2.** 11 U.S.C. § 547(b)(4)(A) provides in relevant part:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property ... made ... on or within 90 days before the date of the filing of the petition....

**3.** The Bankruptcy Court took judicial notice of the fact that the 90th day before the bankruptcy petition was filed was November 20, 1985. *See Antweil,* 97 B.R. at 70. Neither party has contested this finding on appeal. Thus, based on this finding, only a transfer taking place on November 20, 1985 or later would fall within the 90–day preference period established by section 547(b)(4)(A). Moreover, Trustee alleged in his Second Amended Complaint that the check was honored on November 20, 1985. For pur-

poses of this appeal, I will therefore accept as true that the check was honored by the drawee bank on November 20, 1985. *See Shoultz v. Monfort of Colorado, Inc.,* 754 F.2d 318, 321 (10th Cir.1985) (material allegations of complaint accepted as true for purposes of appeal (citing *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965))), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986).

**4.** *See White River,* 799 F.2d at 633 (recognizing split of authority on issue of when a transfer by check occurs).

**5.** *See also Amarex, Inc. v. Marathon Oil Co. (In re Amarex, Inc.),* 88 B.R. 362, 364–65 (W.D.Okl. 1988).

plying date of honor rule for transfer of check under prior Bankruptcy Act); *Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288, 1293 (7th Cir.1974) (same). Second, the Ninth Circuit, the only circuit that has to date decided the transfer issue under section 547(b), has held that a transfer on delivery rule applies under both the 90–day preference period defined in section 547(b)(4)(A) and the within 45–day exception provided by section 547(c)(2).[6] *See Wolf & Vine*, 825 F.2d at 201.

Finally, a transfer on delivery rule under section 547(b) is in accord with much of the legislative history and policy objectives noted by the Tenth Circuit in *White River* under section 547(c). For example, *White River* cited legislative history which stated that "payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored." 799 F.2d at 633 (quoting 124 Cong.Rec. H 11097 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S 17414 (daily ed. Oct. 6, 1978) (statements of Rep. Edwards and Sen. DeConcini)). *White River* further noted that "in the commercial world receipt of a check, as distinguished from the date it clears the drawee bank, is customarily looked upon as the date of payment of an obligation." *Id.* at 634. (quoting *Young Supply Co. v. McLouth Steel Corp.*, 55 B.R. 356, 357 (E.D.Mich. 1985)). The Tenth Circuit additionally reasoned that a transfer on delivery rule would allow the debtor rather than the bank "to determine the precise date of transfer." *Id.*

Thus, much of the Tenth Circuit's rationale for a transfer on delivery rule under section 547(c) is equally applicable to preference actions as defined in section 547(b)(4)(A). I therefore decline to apply a different time of transfer rule for these two subsections of the Act.[7]

### B. *Applicable Date of Transfer for Postdated Checks*

■ The Bankruptcy Court held that the date of delivery rule should also apply to postdated checks and defined "delivery" as "the later of the date a check is received or dated." *Antweil*, 97 B.R. at 70. In so holding, the Bankruptcy Court relied on *White River* which stated that one purpose for adopting a date of delivery rule "was to allow the debtor, as opposed to a bank, to determine the 'precise date of transfer.'" *Id.* (quoting *White River*, 799 F.2d at 634).

Trustee contends that an exception to the transfer on delivery rule should apply to checks that are postdated. Trustee urges the Court to adopt a date of honor rule for postdated checks that would make the applicable date of transfer of a postdated check for purposes of section 547(b) the date the drawee bank honors the check. Applied to the present case, such a rule would deem debtors' check transferred on

---

**6.** Trustee claims that the Ninth Circuit's position on this issue "is increasingly being questioned within that Circuit." Appellant's Reply Brief at 7. To support this claim, Trustee cites a decision of the Bankruptcy Appellate Panel of the Ninth Circuit that states that a date of delivery rule should only apply to section 547(c) defenses and not to preference actions under section 547(b). *See Newton Exploration Co., Inc. v. Fredman (In re Nucorp Energy, Inc.)*, 92 B.R. 416, 417 (9th Cir.BAP 1988). As the concurring opinion in *Nucorp* points out, however, the rule proffered by the majority is dictum in that the court held that the transfer by check at issue in that case occurred within the 90–day preference period whether a date of delivery or a date of honor rule was applied. *See id.* at 419 (Perris, J., concurring). Moreover, the Ninth Circuit cases that have applied a date of delivery rule to both subsections are controlling law. *See id.* (citing *Wolf & Vine*, 825 F.2d at 201; *Robert K. Morrow, Inc. v. Agri–Beef Co. (In re Kenitra,*

*Inc.)*, 797 F.2d 790, 791 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987)). For these reasons, I decline to adopt the approach proffered by the *Nucorp* court.

**7.** The Tenth Circuit specifically conditioned the date of delivery rule to checks that are presented for payment within 30 days, the "period deemed reasonable under the U.C.C.," and that are honored upon presentment. *See White River*, 799 F.2d at 634 (quoting *O'Neill*, 729 F.2d at 38). Here, it is undisputed that the check was delivered on November 18, 1985 and deposited one day later on November 19, 1985. As previously indicated, I also accept as true that the check was honored on November 20, 1985. *See* n. 3, *supra*. I find, therefore, that the time period between delivery and presentment was reasonable and that the check was honored upon presentment to the bank. The date of delivery rule should therefore apply.

November 20, 1985, making the transfer fall within the 90–day preference period and thus subject to avoidance by Trustee.

I find Trustee's authority for application of a date of honor rule for postdated checks unpersuasive. Trustee's principal authority, *O'Donnell v. Progroup, Inc. (In re Bob Grissett Golf Shoppes, Inc.)*, 78 B.R. 787 (Bkrtcy.E.D.Va.1987), held that, "for the purpose of section 547(c)(4), the event of a transfer occurs when a check is delivered and subsequently honored only if the parties intended to rely on the check as a cash transaction and such reliance was reasonable under the circumstances. Otherwise the transfer occurs when the check is honored." *Id.* at 792.

*Grissett* involved 11 postdated checks that were, except for two, all dishonored by the bank. *See id.* at 789. The *Grissett* court found that, based on the fact that the checks were postdated and intended for antecedent debt, "the parties clearly did not intend a cash transaction." *Id.* at 792. As a result, the court found that "the transfers were effective only when the checks were honored." *Id.*

*Grissett*, however, is factually distinguishable from the present case. First, dishonored checks are expressly excepted from application of the transfer on delivery rule by the applicable governing authorities. *See, e.g., White River*, 799 F.2d at 634 ("[a] check must be … honored upon presentment in order for the delivery date to be considered the time of transfer"). Second, the *Grissett* court in an earlier opinion held that a date of *honor* rule applies generally to check transfers under section 547(b). *See Grissett*, 78 B.R. at 791 (citing *Bob Grissett Golf Shoppes, Inc. v. Pro Group, Inc. (In re Bob Grissett Golf Shoppes, Inc.)*, 34 B.R. 320, 322 (Bkrtcy.E.D.Va.1983)). Thus, I am reluctant to rely on the holding in *Grissett* since, unlike the

majority of the checks involved in that case, the check at issue here was in fact honored by the bank. Moreover, I have previously held that a date of *delivery* rather than a date of honor rule should apply generally to check transfers under section 547(b).

Nevertheless, I find that the approach adopted by the *Grissett* court is applicable to this case. A date of delivery rule for postdated checks that are subsequently honored, provided the parties intend to rely on the check as a cash transaction, is the approach taken by a number of courts and is in accord with the Tenth Circuit's policy of allowing the debtor to determine the "precise date of transfer." *White River*, 799 F.2d at 634. *See, e.g., New York City Shoes, Inc. v. Bentley International, Inc. (In re New York City Shoes, Inc.)*, 880 F.2d 679 (3d Cir.1989) (date of transfer of postdated check is date of delivery provided creditor can demonstrate that parties intended cash transaction); [8] *Global International Airways Corp. v. Evergreen Air Center, Inc. (In re Global International Airways Corp.)*, 80 B.R. 990, 995 n. 9 (Bkrtcy.W.D.Mo.1987) (postdated check constitutes payment on date of delivery if it amounts to transfer that is "substantially contemporaneous" (quoting H.R. No. 95–595, 95th Cong., 1st Sess. 373–374 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6329)); *Grissett*, 78 B.R. at 792. *But see Alkap, Inc. v. John J. Demarest Supply Co., Inc. (In re Alkap, Inc.)*, 54 B.R. 151, 154 (Bkrtcy.D.N.J.1984) (postdated check akin to promissory note in that both constitute mere promise to pay); *Weill v. Evans Lumber Co., Inc. (In re Johnson)*, 25 B.R. 889, 897 (Bkrtcy.E.D.Tenn.1982) (creditor precluded from treating postdated check as cash payment).

**8.** The Third Circuit in *New York City Shoes* created a presumption that postdated checks are transferred for purposes of section 547(c)(4) *either* on the date on the face of the check *or* on the date the check is honored by the bank. 880 F.2d at 679. The court further held that this presumption could be rebutted if the creditor could demonstrate that the parties intended a cash transaction. *Id.* If successfully rebutted, the court then held that a transfer on delivery rule should apply. *Id.* The court declined to resolve the question, however, of whether a postdated check will be presumed transferred on the date the check is dated or the date the check is honored if the presumption is not successfully rebutted because resolution of that issue would not have made a difference to the result in the case. *See id.* at 684.

It is undisputed that the check at issue here was delivered on November 18, 1985 and dated and deposited on November 19, 1985. I also accept as true that the check was honored on November 20, 1985. *See* n. 3, *supra.* Thus, only one-day lapses existed between the time the check was delivered, dated and deposited, and ultimately cleared by the bank. I therefore find that the debtors' check to Barnhill was intended as a cash payment in that "the postdating did not relate to the time of intended payment, but only to the time of presentment to the bank." *Global International,* 80 B.R. at 995.

Accordingly, I find that the applicable date of transfer of the debtors' postdated check to Barnhill was the date of the delivery of the check. Although the Bankruptcy Court defined "delivery" to be the later of the date the check is received or dated, I decline to resolve this issue because both the date of receipt of the check (November 18, 1985) and the date on the face of the check (November 19, 1985) fall outside the 90-day preference period as defined in section 547(b)(4)(A).

CONCLUSION

I find that debtors' postdated check was transferred to Barnhill for purposes of section 547(b) of the Bankruptcy Code on the date it was delivered, in this case either on November 18 or November 19, 1985. Since both of these dates fall outside the 90-day preference period as defined in section 547(b)(4)(A), they are not avoidable preferences and the Bankruptcy Court's dismissal of Trustee's First Amended Complaint should therefore be affirmed.

Although amendments to complaints "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), Trustee's Second Amended Complaint also would not survive a motion to dismiss. It would therefore be futile to allow the amendment. *See Weatherhead v. Globe International, Inc.,* 832 F.2d 1226, 1228 (10th Cir.1987) (dismissal of complaint proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). The Bankruptcy Court's denial of Barnhill's motion to file a Second Amended Complaint should also be affirmed.

Therefore,

IT IS BY THIS COURT ORDERED that:

(1) the "Order Dismissing Defendant Barnhill" is AFFIRMED;

(2) the "Order Denying Plaintiff's Motion To File A Second Amended Complaint" is AFFIRMED.