Reggie David Sanger, Fort Lauderdale, Fla., for trustee.

Theodore Sobo, Fort Lauderdale, Fla., for defendant.

## In re SUNUP/SUNDOWN, INC. d/b/a Sand 'n Sea d/b/a Slip Into Something Comfortable, Debtor.

### Marika TOLZ, Trustee,

v.

### DOUBLE ENVELOPE CORPORATION, Defendant.

Bankruptcy No. 84–02043–BKC–SMW. Adv. No. 86–0265–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 17, 1986.

See also, Bkrtcy., 66 B.R. 1021.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on June 4, 1986, on the Trustee's Complaint to Recover Preferential Transfer, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Debtor corporation SUNUP/SUNDOWN, INC. filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on October 26, 1984. Prior to that date the Debtor and the Defendant, DOUBLE ENVELOPE CORPORATION, had business dealings, and the Defendant was a creditor of the Debtor.

The Debtor was in arrears under its payment terms with the Defendant, and on July 27, 1984 the Debtor wrote a check to the Defendant in payment of its arrears in the amount of $3,000.00. The Debtor was insolvent at the time of this transfer. The Debtor mailed the check to the Defendant's

counsel. The check was honored by the bank on July 31, 1984. The transfer enabled the Defendant to receive more than it would have received in a liquidation case.

The Court is persuaded that the $3,000.00 payment is a preference since the date the bank honored the check was within ninety days of the filing of the bankruptcy petition.

■ The Defendant has argued that the date of *delivery* should control, and that by using date of delivery the payment is outside the ninety day period. Notwithstanding, the Court notes that the actual date of delivery was never proven at trial. The Defendant has cited *Shamrock Golf Co. v. Richcraft, Inc.,* 680 F.2d 645 (9th Cir.1982). The Court does not follow the *Shamrock* case because it represents the minority view, is not the principle followed in this Circuit, and because *Shamrock* is essentially the standard for commercial cases, not bankruptcy cases.

■ The Court adopts the majority view, which is also the view of this Circuit, that it is the time a check is honored which determines whether there is a preference, and not the date it is written and delivered. *Nicholson v. First Investment Co.,* 705 F.2d 410 (11th Cir.1983); *In re Georgia Steel, Tidwell v. Atlanta Gas Light Company,* 56 B.R. 509 (Bankr.M.D.Ga.1984); *In re Chase and Sanborn Corp., Nordberg v. Wilcafe,* 51 B.R. 736 (Bankr.S.D.FLA 1985).

In accordance with these findings of fact and conclusions of law a separate final judgment shall be entered on even date herewith.