**In re NEWMAN COMPANIES, INC., f/k/a Real Estate Investments of Wisconsin, Inc., Debtor.**

**Benjamin W. LAIRD, Trustee in Bankruptcy of Newman Companies, Inc., Plaintiff,**

**v.**

**Jeff BARTOLAMEOLLI and Joe Bartolameolli, Defendants.**

Bankruptcy No. 84–04399.

Adv. No. 86–0165.

United States Bankruptcy Court, E.D. Wisconsin.

March 11, 1988.

Joseph M. Nicks, Green Bay, Wis., for trustee.

John C. Wenning, Appleton, Wis., for Jeff & Joe Bartolameolli.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

In this adversary proceeding, the trustee seeks to recover an alleged preference pursuant to § 547 of the Bankruptcy Code. The defendants, Jeff Bartolameolli and Joe Bartolameolli, have filed a motion for a summary judgment dismissing the action. They contend that the accused transfer was not made on or within 90 days before the date of the filing of the petition, as required by § 547(b)(4)(A). On the issue as

raised by their motion, the material facts are not in dispute.

Under § 547(b), the trustee may avoid as a preference a transfer of the debtor's property (1) to or for the benefit of a creditor (2) on account of an antecedent debt (3) made while the debtor was insolvent (4) on or within 90 days before the date of the filing of the petition (5) where the transfer enables the creditor to receive more than the creditor would have received if the transfer had not taken place and the debtor's assets had been liquidated and distributed in a Chapter 7 case.

On October 18, 1984, Newman Companies, Inc. filed a petition under chapter 11 of the Bankruptcy Code. For several years, it had been engaged in the sale of corporate notes. Joe Bartolameolli (Joe), as Custodian for his minor son, Jeff, purchased one such note on 4/21/83, the note being due on 7/20/83. The obligation was renewed on 7/20/83 with a new note maturing on 1/16/84, and that obligation was renewed on 1/16/84 with another note maturing on 7/14/84. In July, 1984, Joe notified the debtor corporation he had decided not to renew the note which was maturing on 7/14/84, and he asked for payment.

The following sequence of events then occurred.

7/19/84 – Joe received the debtor's check for $8,757.36.

7/20/84 – Joe deposited the check in his checking account at the Firstar Bank of Appleton.

7/23/84 – The check was honored by the debtor's bank.

In brief, the check was delivered before and honored after the start of the 90 day preference period. The issue raised by the defendants' motion is whether the transfer occurred when the check was delivered or when it was honored by the debtor's bank. U.C.C. § 1–201(21). If, for purposes of § 547(b)(4)(A), it is the issuance of the check that constitutes the transfer, the defendants' motion to dismiss the case must be granted.

Subsection (b) is the operative provision of Section 547. It empowers the trustee to avoid preferential transfers made within 90 days before bankruptcy. Its purpose is to discourage creditors from pressing their claims against a distressed debtor and thereby to enable the debtor "to work his way out of a difficult financial situation." A second and more important purpose is to achieve an equal distribution of the debtor's assets among the creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 177–78 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6138.

As its name implies, a preference is a prepetition transfer in which a creditor gets paid in whole or in part at the expense of other creditors in the bankruptcy. A preference violates the philosophy behind the Bankruptcy Code that calls for fair and equal treatment of creditors. A creditor should not be able to gain an advantage over other creditors in the same class by getting a payment from the debtor's estate just before the debtor goes into bankruptcy. If that were permitted, the Bankruptcy Code's scheme of equitable distribution of the debtor's assets would be frustrated, and creditors would be encouraged to grab whatever assets they could from financially embarrassed debtors. Robert E. Ginsberg, *Bankruptcy* (1986), ¶ 8101.

These purposes of § 547(b) are best served if the transfer is deemed to have occurred when the check is honored rather than when it is issued. Apart from such policy considerations, this treatment is also consistent with the Uniform Commercial Code. The issuance of a check does not effect a transfer of the money in the debtor's checking account. The transfer takes place when the check is honored. U.C.C. § 3–409. "The vast majority of courts that have considered this issue have held that a transfer for purposes of § 547(b) occurs on the date the debtor's bank honors the check." *In re Almarc Mfg., Inc.*, 52 B.R. 582, 583 (Bk.N.D.IL.1985). The Court of Appeals for the Seventh Circuit has so held in an Act case. *Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288, 1293 (7th Cir. 1974).

Like the defendants in the *Almarc* case, the defendants here seek to apply the relation back provision of § 547(e)(2)(A) of the

Code, which provides that a transfer occurs "at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time." *In re Sider Ventures & Services Corp., (Eisenberg v. J L International, Ltd.)*, 33 B.R. 708 (Bk.S.D. N.Y.1983) aff'd. 47 B.R. 406 (S.D.N.Y.1985) is cited in support. Section 547(e), however, is not intended to apply to checks, but rather to security transactions. Its legislative history so indicates. H.R.Rep. No. 595, 95th Cong., 1st Sess. 374–75 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 89 (1978). *In re Arnett (Ray v. Security Mutual Finance Corp.)*, 731 F.2d 358, 362 (6th Cir.1984). A check is not a security interest. "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. U.C.C. § 1–201(37).

For purposes of the 90 day preference avoidance period contained in § 547(b)(4)(A), the court finds that the transfer occurs when the check is honored by the debtor's bank. In the case at bar, the transfer occurred on July 23, 1984, within the 90 day period before the date of the filing of the petition. The defendants' motion to dismiss will accordingly be denied.

Although the court's ruling disposes of the issue raised by the defendants' motion, it does not dispose of the case. Even if the payment to the defendants satisfies all of the requirements of § 547(b), the defendants may still defeat the trustee's action by making a proper showing under § 547(c). *In re Colonial Discount Corp.*, 807 F.2d 594, 600 (7th Cir.1986).

■ Section 547(c) "excludes certain specified transfers from the trustee's preference avoiding power even though they literally fall within the definition of a preference contained in section 547(b)." *In re Colonial Discount Corp.*, supra at p. 597. Whereas § 547(b) is concerned with equality of distribution, the legislative history of § 547(c) reflects totally different purposes and policies. The first exception of § 547(c), contained in subsection (1), protects transfers that are intended to be a contemporaneous exchange for new value, and that are in fact substantially contemporaneous.

Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be "intended to be contemporaneous," and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. § 3–503(2)(a), that will amount to a transfer that is "in fact substantially contemporaneous." H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 88 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5874, 6329.

Section 547(c)(1) protects a transfer which is intended to be contemporaneous, but which technically constitutes a payment on account of antecedent debt. The giving of a check when receiving goods or services is intended to be contemporaneous. It is this transaction which the § 547(c)(1) exception is intended to protect. Accordingly, for purposes of the § 547(c)(1) exception, it is the date that the check is delivered which is the significant date, and not the date that the check is cashed.

■ The second exception of § 547(c), contained in subsection (2), is intended to protect ordinary course of business transfers. Its purpose is to ensure that normal commercial transactions are not caught in the net of the trustee's avoidance powers. *In re Colonial Discount Corp.*, supra at p. 600.

The purpose of this exception is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy. H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5874, 6329.

If a transfer qualifies for the § 547(c)(2) exception, it cannot be avoided by the trustee even though it falls within the 90 day

period of § 547(b)(4)(A). To so qualify, the transfer must be

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

Section 547(c)(2) is intended to encourage creditors to deal with debtors that are in financial difficulties. As the court said in *In re Xonics Imaging Inc.,* 837 F.2d 763, 766 (7th Cir.1988),

> Most business transactions are not simultaneous; often performance precedes payment. This creates a problem for the insolvent debtor who wants to continue in business. If he does not pay cash for all the goods and services that he buys, his payments when made may be deemed payments of antecedent rather than current debt; knowing this, suppliers will be reluctant to deal on other than a cash basis with a debtor suspected of being insolvent; and having to pay for everything in cash will make it more difficult for the debtor to stay in business, thus increasing the probability of bankruptcy.

In this case, there is a dispute between the parties as to whether the payment in question was in the ordinary course of business and thereby exempted from the trustee's avoiding powers by virtue of § 547(c)(2). Since that dispute involves issues of fact, however, it cannot be resolved by motion.