*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0050P (6th Cir.)
File Name: 00a0050p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In Re: OAKWOOD MARKETS, INC.,

*Debtor.*

Nos. 99-5378/5397

MAURICE K. GUINN, Trustee,
 *Appellant/Cross-Appellee,*

*v.*

OAKWOOD PROPERTIES, INC.,
 *Appellee/Cross-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 98-00375—Thomas G. Hull, District Judge.

Submitted: January 25, 2000

Decided and Filed: February 10, 2000

Before: GUY, RYAN, and BOGGS, Circuit Judges.

———————————

**COUNSEL**

———————————

**ON BRIEF:** Maurice K. Guinn, GENTRY, TIPTON, KIZER, McLEMORE & JENDREK, Knoxville, Tennessee, for Appellant. Scott T. Powers, HUNTER, SMITH & DAVIS, Kingsport, Tennessee, D. Michael Tranum, HUNTER, SMITH & DAVIS, Johnson City, Tennessee, for Appellee.

———————————

**OPINION**

———————————

RALPH B. GUY, JR., Circuit Judge. Maurice K. Guinn, trustee in bankruptcy for Oakwood Markets, Inc. (debtor), appeals from the judgment affirming the bankruptcy court's decision to grant summary judgment to Oakwood Properties, Inc. Asserting error by the bankruptcy court, the trustee claims that (1) the debtor's post-petition transfers pursuant to a pre-petition real estate lease were not excepted from avoidance under 11 U.S.C. § 549(b); (2) the "value" given in exchange for a transfer should be determined from the perspective of the debtor for purposes of § 549(b); and (3) any value that was given post-petition in exchange for the transfers did not exceed the value of two days' occupancy. Oakwood Properties raises the additional issue on cross-appeal of whether the district court correctly extended the "date of honor" rule set forth in *Barnhill v. Johnson*, 503 U.S. 393 (1992), to transfers arising under 11 U.S.C. § 549. After a review of the record and arguments presented on appeal, we find no error and affirm.

**I.**

The facts are undisputed. On April 1, 1985, Oakwood Properties entered into lease agreements with the debtor to rent property and equipment in Weber City, Virginia, at a rate

Further, the bankruptcy court correctly concluded that the extent of value given must be determined from the "giver's" perspective, here Oakwood Properties. *See* 11 U.S.C. § 549(b) ("to the extent any value . . . is *given* after the commencement of the case in exchange for such transfer") (emphasis added). Even if viewed from the debtor's perspective, the result is the same in this case. It is undisputed that in exchange for payment of the March rent, the debtor had the right to possess the Weber City premises and equipment for that month. It is also undisputed that the monthly rental value of the premises and equipment totaled $12,825. Therefore, Oakwood Properties gave and the debtor received $12,825 in value in exchange for the $12,825 transfer. As such, the transfer was properly excepted from avoidance under 11 U.S.C. § 549(b).

The fact that the debtor subsequently lost its right to occupy the premises and use the equipment after the foreclosure does not alter the result. It is undisputed that Oakwood Properties did not seek to reoccupy the premises or take back the leased equipment after the sale on March 7. Instead, Oakwood Properties honored the possessory right of the party that had obtained the leasehold interests in the course of the sale. Oakwood Properties should not be penalized based upon the debtor's delinquencies with other unrelated creditors. As a result, the amount of value that the debtor received was not limited to two days' occupancy.

**AFFIRMED.**

*Canada Ltd. (In re Tennessee Chem. Co.)*, 112 F.3d 234 (6th Cir. 1997), which adopted the date of receipt rule with respect to 11 U.S.C. § 547(c)(4), are controlling. As a result, the two disputed transfers that were honored by the debtor's bank on March 7, 1996, the day after the commencement of the debtor's bankruptcy case, were subject to avoidance under § 549(a).

Next, the trustee challenges the bankruptcy court's finding that the $12,825 transfer was excepted from avoidance under 11 U.S.C. § 549(b) based upon Oakwood Properties' provision of rental space to the debtor in exchange for the transfer. Subsection 549(b) provides:

> In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

*Id.* There is no law in this circuit addressing this subsection in this context.

On March 7, 1996, one day after commencement of the debtor's bankruptcy case, but before April 2, 1996, the day the order for relief was entered, the debtor transferred payment to Oakwood Properties in exchange for the provision of rental space for the month of March 1996. While the underlying lease was executed in 1985, we find that the right to use the leased premises and equipment in March 1996 constituted value given after the commencement of the case under § 549(b). Pursuant to the lease terms, the debtor was to pay each month's rent in advance on the first of that month. Accordingly, the trustee's argument that the debtor's March 1996 rental payment was in satisfaction of a preexisting debt is rejected.

of $11,625 and $1,200 per month, respectively. The rent was payable on the first of each month and subject to a late fee penalty if not paid by the tenth of the month.

In December 1995, Fleming Companies, Inc., the debtor's principal creditor and primary supplier of inventory and equipment, declared the debtor in default under the terms of their loan agreements and filed suit in state court seeking the appointment of a receiver. With the agreement of Fleming and the debtor, a state court receiver was appointed and a bulk sale of the debtor's assets was noticed for March 7, 1996.

On March 6, 1996, three unsecured creditors filed an involuntary Chapter 11 bankruptcy petition against the debtor. The next day, Fleming sought immediate relief from the automatic stay provision so it could proceed with the foreclosure sale. The court ordered the sale to proceed with the agreement of Fleming and the petitioning creditors. The court also authorized the assignment of leases covering the real property upon which the debtor's stores were located. The debtor's leasehold interest in the Weber City premises was sold at the sale. Oakwood Properties permitted the assignment and assumption of the lease by the purchaser of the debtor's assets. As a result, the debtor occupied the Weber City premises on only two days during the period after the petition was filed and before the order for relief was entered.

On March 5, prior to the filing of the bankruptcy petition, Oakwood Properties received two checks from the debtor dated March 1: check No. 061184 for $12,825 and check No. 061199 for $802.63. Both checks were honored by the debtor's bank on March 7, the day after the bankruptcy petition was filed.

On April 2, 1996, an order for relief under Chapter 11 was entered. Upon motion of the petitioning creditors, the debtor's case was subsequently converted to a Chapter 7 proceeding. The trustee commenced an adversary proceeding against Oakwood Properties in the bankruptcy court to avoid the debtor's two March payments as post-petition transfers

under 11 U.S.C. § 549, and to recover those payments for the benefit of the estate under 11 U.S.C. § 550.

Oakwood Properties moved for either dismissal of the complaint or entry of summary judgment. The bankruptcy court ruled that the transfers met the requirements for avoidability under 11 U.S.C. § 549(a), but were excepted from avoidance under § 549(b) to the extent of value given by Oakwood Properties to the debtor in exchange for the transfers. The court also made the following pertinent findings: (1) the date of honor rule applied to transfers under 11 U.S.C. § 549; (2) the value provided by Oakwood Properties in exchange for the March payments was the provision of rental space for the operation of the debtor's business in March 1996, rather than the satisfaction of a pre-petition debt; (3) the value of the transfers should be measured from the perspective of Oakwood Properties; and (4) the value given to the debtor was the right to occupy the premises during the month of March. Finding that Oakwood Properties did not meet its burden of proving the extent of the value, the bankruptcy court initially denied Oakwood's motion and scheduled trial on the sole issue of value. After the parties stipulated that the March 1996 rental value of the Weber City premises and equipment was $11,625 and $1,200, respectively, Oakwood Properties again moved for summary judgment. The bankruptcy court granted summary judgment to Oakwood Properties for check No. 061184 ($12,825) because value was given for that transfer, and to the trustee for check No. 061199 because value was not provided for that transfer.[1] Both parties appealed the bankruptcy court's decision to the district court. The district court affirmed the decision and this appeal followed.

---

[1] The payment of $802.63 by check No. 061199 was for an arrearage owed to Oakwood Properties and thus could not be excepted from avoidance under 11 U.S.C. § 549(b). Oakwood Properties does not argue otherwise.

## II.

We review *de novo* the district court's decision affirming a grant of summary judgment by a bankruptcy court. *See Kentucky Cent. Ins. Co. v. Brown (In re Larbar Corp.)*, 177 F.3d 439, 443 (6th Cir. 1999). We review the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *See Corzin v. Fordu (In re Fordu)*, ___ F.3d ___, No. 97-3936, 1999 WL 1222643, at *13 n.1 (6th Cir. Dec. 22, 1999).

First, Oakwood Properties argues that the bankruptcy court erred in ruling that the date of honor rule applies to transfers made under 11 U.S.C. § 549. "11 U.S.C. § 549(a) permits a trustee to avoid a post-petition transfer of property of the estate that occurs *after commencement of the case* and is not authorized by the Bankruptcy Code or by the Court." *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 461 n.2 (6th Cir. 1991) (emphasis added). Oakwood Properties claims that the disputed transfers occurred when it received the checks on March 5, 1996, the day *before* commencement of the debtor's bankruptcy case, and thus are not avoidable under 11 U.S.C. § 549(a). The bankruptcy and district courts disagreed, adopting the date of honor rule outlined in *Barnhill v. Johnson*, 503 U.S. 393 (1992). Under that rule, ordinary checks are deemed transferred on the date they are honored by a bank.

We conclude that adoption of the date of honor rule in the context of 11 U.S.C. § 549(a) is appropriate because this rule encourages the prompt submission of checks to the bank, and provides a date certain upon which parties to the transfer can rely and upon which courts can base a ruling in the event of litigation. In contrast, the date of receipt rule leaves too much room for manipulation by the parties to the transaction.[2] In so concluding we find that neither *Barnhill,* which involved interpretation of 11 U.S.C. § 547(b), nor *Brown v. Shell*

---

[2] There is no suggestion or evidence of any date manipulation surrounding the disputed transfers in this case.