**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-17-1186-BSTa |
| CRESTA TECHNOLOGY CORPORATION, | Bk. No. 16-50808-MEH |
| Debtor. | Adv. No. 17-05030-MEH |
| | |
| MATTHEW LEWIS, | |
| Appellant, | |
| v. | **O P I N I O N** |
| DORIS A. KAELIN, Chapter 7 Trustee, | |
| Appellee. | |

Submitted Without Argument on January 25, 2018

Filed - April 6, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding

Appearances:    Appellant Matthew Lewis, pro se on brief; Gregg S. Kleiner of Rincon Law LLP on brief for appellee, Doris A. Kaelin, Chapter 7 Trustee.

Before: BRAND, SPRAKER and TAYLOR, Bankruptcy Judges.

BRAND, Bankruptcy Judge:

This case brings to mind the adage: "No good deed goes unpunished." Appellant Matthew Lewis appeals a judgment under §§ 549(a)[1] and 550(a)(1) avoiding a postpetition transfer of $10,000 as reimbursement for payment of the debtor's legal fees and ordering recovery of the funds from Lewis. The issue before the bankruptcy court was whether an ordinary check delivered to the creditor prepetition, but honored postpetition, was transferred on the date of delivery or honor for purposes of § 549(a). Relying on Barnhill v. Johnson, 503 U.S. 393 (1992), the bankruptcy court determined that the payment was transferred when the check was honored by the debtor's bank.

This is an issue of first impression before any appellate court in the Ninth Circuit since Barnhill. We agree with the bankruptcy court, and we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The check

On March 16, 2016, Lewis, in his role as Chief Financial Officer of the debtor, Cresta Technology Corp. ("Cresta"), issued a check from Cresta's bank account to Patrick Castello, Cresta's bankruptcy attorney, as payment for representing Cresta in its bankruptcy case. Castello refused the check in favor of a cashier's check.

On March 17, 2016, Lewis delivered to Castello a cashier's

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

check drawn on Lewis's personal bank account for Cresta's legal fees, with the agreement that Cresta would reimburse Lewis.

On March 18, 2016, Cresta (via Lewis as CFO) issued a check for $10,000 ("Check") to Lewis from Cresta's bank account. Later that same day, Cresta filed its chapter 7 bankruptcy petition, signed by Lewis. Doris Kaelin was appointed as the chapter 7 trustee.

The Check cleared Cresta's bank account on March 22, 2016, four days after the petition date.

## B. The adversary proceeding against Lewis

Trustee filed a complaint against Lewis, seeking to avoid the $10,000 payment as a postpetition transfer under § 549(a) and to recover the funds for the benefit of the estate under § 550(a)(1).

On summary judgment, Trustee argued that a "transfer" by an ordinary check for purposes of § 549 occurs when the check clears the debtor's bank account, not when it is delivered to the creditor. She relied on Barnhill, 503 U.S. at 394-95 and Mora v. Vasquez (In re Mora), 199 F.3d 1024, 1027 (9th Cir. 1999).[2] In contrast, Lewis argued that § 547 applied here, not § 549. In cases of check payments for purposes of § 547(c)(1), Lewis argued, the "date of delivery" governs when a transfer occurs. Because he received the Check prepetition and it was a contemporaneous

---

[2] Mora did not address this precise issue. The issue there was whether, under § 549(a), a transfer of an interest in a cashier's check occurs at the time the check is mailed. 199 F.3d at 1025. Applying the rationale of Barnhill, the Ninth Circuit Court of Appeals held that the act of "mailing" did not constitute "delivery" for purposes of effectuating a transfer under § 549(a); delivery does not occur until the cashier's check is in the physical possession and control of the payee. In re Mora, 199 at 1027.

-3-

exchange of new value between him and Cresta, Lewis asserted that the Check was not an avoidable postpetition transfer under § 549(a) but rather a non-avoidable preference under § 547(c)(1).

After a hearing, the bankruptcy court granted Trustee summary judgment, determining that the "transfer" to Lewis occurred on March 22, 2016 — the date the Check was honored by Cresta's bank. Therefore, because the Check was transferred postpetition without authorization from the court or the Code, it was an avoidable postpetition transfer under § 549(a) recoverable by the estate. The court entered a money judgment against Lewis and in favor of Trustee for $10,000 plus costs. Lewis timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(H). Because the judgment resolved all claims asserted in the complaint, it was a final appealable order. Therefore, we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in determining that § 549 applied to the Check and not § 547? And did it err in determining that the "date of honor" rule applied?

2. Did the bankruptcy court err in granting Trustee summary judgment?

## IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's summary judgment ruling. Ulrich v. Schian Walker, P.L.C. (In re Boates), 551 B.R. 428, 433 (9th Cir. BAP 2016). The determination of when an avoidable postpetition transfer of estate property occurs is a question of law also reviewed de novo. In re Mora, 199 F.3d at

-4-

1026 (citing Barnhill, 503 U.S. at 397).

When we review a matter de novo, we give no deference to the bankruptcy court's ruling. In re Boates, 551 B.R. at 433.

## V. DISCUSSION

**A. The bankruptcy court did not err by applying § 549(a) to the Check and determining that the date of honor rule applied.**

Lewis contends that the bankruptcy court committed reversible error because it applied § 549 and not § 547. Precisely, he argues that, because the Check was delivered prepetition, § 549(a)[3] is inapplicable, and the court should have applied the affirmative defenses available for a preferential transfer under § 547(c).

Section 547(b) permits a bankruptcy trustee to recover preferential payments from a debtor to a creditor made within the ninety days preceding the filing of the bankruptcy. Section 547(c) establishes various exceptions, or affirmative defenses, to § 547(b)'s general rule. For example, § 547(c)(1) provides an exception for transfers that are part of a contemporaneous exchange for new value between a debtor and creditor. Section 547(c)(1) provides that the trustee may not avoid a transfer to the extent the transfer was: (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact was a substantially contemporaneous exchange. This is

---

[3] For purposes here, § 549(a) provides that the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized under the Code or by the court. § 549(a)(1), (a)(2)(B).

-5-

the defense Lewis asks us to apply here.[4]

In Barnhill, the United States Supreme Court held that under § 547(b) the "transfer" of an ordinary check does not occur until the check is honored by the debtor's bank. 503 U.S. at 394-95. Barnhill overruled Ninth Circuit law, which held that for purposes of § 547(b) a "transfer" occurs at the time an ordinary check is delivered to the creditor, not on the date the check is honored. See Robert K. Morrow, Inc. v. Agri-Beef Co. (In re Kenitra, Inc.), 797 F.2d 790, 791 (9th Cir. 1986), abrogated by Barnhill, supra. The Ninth Circuit has since followed the holding of Barnhill. See MBNA Am. v. Locke (In re Greene), 223 F.3d 1064, 1067 n.3 (9th Cir. 2000) (a "transfer" for purposes of § 547(b) occurs when the check is honored by the debtor's bank).

Without deciding the issue, Barnhill expressly noted that, in the context of the affirmative defenses available under § 547(c), the Courts of Appeals that have considered the issue were unanimous in concluding that a "date of delivery" rule should apply to ordinary check payments for purposes of § 547(c). 503 U.S. at 402 n.9. That was, and still appears to be, the rule in the Ninth Circuit. See Kupetz v. Elaine Monroe Assocs., Inc. (In re Wolf & Vine), 825 F.2d 197, 200-202 (9th Cir. 1987) (for purposes of determining a contemporaneous exchange, a transfer made by check is deemed to occur at the time of delivery as long as it is presented for payment within a reasonable time); Shamrock Golf Co. v. Richcraft, Inc., 680 F.2d 645, 646 (9th Cir. 1982); Gold Coast Seed Co. v. Spokane Seed Co. (In re Gold Coast Seed

---

[4] It is undisputed that Lewis was a creditor of the estate.

-6-

Co.), 30 B.R. 551, 553 (9th Cir. BAP 1983).

Lewis improperly conflates the affirmative defenses available under § 547(c) with § 549(a), which has its own exceptions for postpetition transfers. See § 549(b), (c). In preference cases under § 547, the events constituting the transfer between the debtor and creditor were completed **prior** to the bankruptcy filing. In other words, as relevant here, both the delivery and honoring of the check occurred **prepetition**. The only question remaining in such a case is whether the ordinary check was honored within the 90-day (or in the case of an insider, one year) reach-back period. That is not this case.

Here, the transaction between Cresta and Lewis straddles the date of the commencement of the case. Lewis received the Check prepetition, but it was honored postpetition. See In re Plaza Hotel Corp., 111 B.R. 882, 887 (Bankr. E.D. Cal. 1990) (noting that a bankruptcy filing before a check is honored is very different from a transaction in which the payment was actually completed prepetition; in the former case, the transaction is incomplete for not having been paid due to the account now belonging to the estate). Thus, neither § 547(b) nor the affirmative defenses available under § 547(c) apply.

Section 549(a) permits the trustee to avoid a postpetition transfer of estate property, and § 550(a)(1) permits the trustee to recover the amount of the avoidable transfer from the initial transferee. To recover under § 549, the trustee must show that the postpetition transfer occurred after the filing of the bankruptcy petition and that the transfer was not authorized by either the bankruptcy court or the Code. § 549(a); In re Mora,

-7-

199 F.3d at 1026.

The question, then, is whether the transfer from Cresta to Lewis occurred before or after the bankruptcy petition was filed. That answer turns on whether the "transfer" of an ordinary check occurs on the "date of delivery" or "date of honor" for purposes of § 549(a).

In cases where an ordinary check was delivered prepetition but honored by debtor's bank postpetition, several courts, post-Barnhill, have determined that the pertinent date for "transfer" is the date the check was honored. See Guinn v. Oakwood Props., Inc. (In re Oakwood Mkts., Inc.), 203 F.3d 406, 409 (6th Cir. 2000) (the only circuit court to address this issue after Barnhill)[5]; Cont'l Mfg. Co. v. Sommers (In re Contractor Tech., Ltd.), 2006 WL 1118039, at *2 (S.D. Tex. Apr. 26, 2006); Wittman v. State Farm Life Ins. Co. (In re Mills), 176 B.R. 924, 927 (D. Kan. 1994); Sommers v. Katy Steel Co. (In re Contractor Tech., Ltd.), 343 B.R. 573, 577-79 (Bankr. S.D. Tex. 2006); In re Dybalski, 316 B.R. 312, 316 (Bankr. S.D. Ind. 2004); Spear v. CEMA Distrib. (In re Rainbow Music, Inc.), 154 B.R. 559, 561 (Bankr. N.D. Cal. 1993). See also 5 Collier on Bankruptcy ¶ 549.04[2] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2012). We could not locate any authority to the contrary.

These courts agree that Barnhill's holding was not limited to

---

[5] Although the Sixth Circuit in Oakwood Markets expressly stated that Barnhill was not controlling, it held that "adoption of the date of honor rule in the context of 11 U.S.C. § 549(a) is appropriate because this rule encourages the prompt submission of checks to the bank, and provides a date certain upon which parties to the transfer can rely and upon which courts can base a ruling in the event of litigation." 203 F.3d at 409.

-8-

§ 547, given its application of the definition of "transfer" found in § 101(54)[6] and ruling that "[f]or purposes of payment by ordinary check, therefore, a 'transfer' as defined by § 101(54) occurs on the date of honor, and not before." 503 U.S. at 400. The definitions in § 101 apply to all provisions of the Code, not just § 547(b). See § 101 ("In this title the following definitions shall apply"). See also In re Plaza Hotel Corp., 111 B.R. at 887 (checks that straddle the filing of the case — i.e., a check that is delivered prepetition and honored postpetition — can be recovered by the trustee from the payee as an unauthorized postpetition transfer).

Prior to Barnhill, we held that a transfer by ordinary check occurs on the "date of delivery" for purposes of § 549. See Tarver v. Trois Etoiles, Inc. (In re Trois Etoiles, Inc.), 78 B.R. 237, 239 (9th Cir. BAP 1987) (prepetition tender of check to debtor's bankruptcy attorney for legal fees honored postpetition). In so holding, we noted:

> Although Shamrock Golf and its Ninth Circuit progeny involved interpretations of 'transfer' under Section 547, we find no reason to alter this Circuit's definition of 'transfer' merely because the present case involves Section 549. **In the interests of uniformity and consistency**, we hold that a transfer by check occurs when the check is received by the payee for purposes of Section 549.

Id. (emphasis added).

We conclude that our holding in Trois Etoiles has been effectively overruled by the Supreme Court in Barnhill and is no

---

    [6] Section 101(54)(D) defines "transfer" to include any mode, "of disposing of or parting with (i) property or (ii) an interest in property."

-9-

longer controlling precedent. See United States v. Lancellotti, 761 F.2d 1363, 1366 (9th Cir. 1985) ("When an intervening Supreme Court decision undermines an existing precedent of the [Panel], and both cases are closely on point, a three judge panel of this court may reexamine our precedent to determine its continuing authority"). See also In re Rainbow Music, Inc., 154 B.R. at 561 (determining that Barnhill overruled Trois Etoiles's transfer-on-receipt rule for avoidance actions under § 549).

At the time of Trois Etoiles, the "date of delivery" rule controlled for § 547(b) in the Ninth Circuit. It is clear that the Panel felt compelled to adopt the date of delivery rule for § 549(a) in order for the two sections to be consistent with each other, thereby facilitating the trustee's ability to recover transfers under either section and supporting the Code's general policy of equal distribution among creditors. To have held otherwise would have created a period wherein transfers would be unrecoverable. After Barnhill, however, the "date of delivery" rule is no longer the law in this circuit with respect to preferential transfers by ordinary check under § 547(b).

In reaching its decision in Barnhill, the Supreme Court reasoned that the debtor does not dispose of or part with the funds subject to the check until the creditor cashes it, because: "receipt of a check gives the recipient no right in the funds held by the bank on the drawer's account. Myriad events can intervene between delivery and presentment of the check that would result in the check being dishonored." 503 U.S. at 399. Consequently, an ordinary check does not transfer property of the estate until the check is honored. Id.

We are persuaded by the other courts that have addressed this issue post-Barnhill; the Supreme Court's rationale for when a transfer occurs in the case of an ordinary check under § 547 applies with equal force to postpetition transfers under § 549. See also In re Mora, 199 F.3d at 1027 n.5 (not addressing this precise issue but reasoning that, under Barnhill, the term "transfer" under § 547(b) is analogous to § 549(a), and therefore case law analyzing one is applicable to analysis under the other). We see no logical reason, and Lewis articulates none, for not using the same test to determine the date of transfer for purposes of both statutes.

As courts have recognized, to apply the "date of honor" rule to preferences and the "date of delivery" rule to postpetition transfers creates a safe harbor for certain transfers by check. Ordinary checks delivered prepetition but honored postpetition would be recoverable neither as a preference nor as a postpetition transfer. See In re Mills, 176 B.R. at 927; In re Rainbow Music, Inc., 154 B.R. at 561-62. That is not a result Congress could have intended.

**B.   The bankruptcy court did not err by granting Trustee summary judgment.**

Summary judgment is properly granted when no genuine issues of disputed material fact remain, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56 (applicable in adversary proceedings by Rule 7056); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Material facts are those that may affect the outcome of the case under applicable substantive law.

-11-

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And issues are genuine only if the trier of fact reasonably could find in favor of the nonmoving party on the evidence presented. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

Here, the undisputed facts established that the Check was honored postpetition on March 22, 2016, and that the payment made by the Check was not authorized by the Code or the bankruptcy court. Lewis articulated no defenses available under § 549(b) or (c); they would not apply in any event. The undisputed facts established the necessary elements for an avoidable postpetition transfer under § 549. Because there were no genuine issues of material fact in dispute, Trustee was entitled to judgment as a matter of law. Accordingly, the bankruptcy court did not err in granting her summary judgment and ordering recovery of the $10,000 (plus costs) from Lewis.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.[7]

---

[7] Lewis does not contest the bankruptcy court's ruling under § 502(d) that his $19,000 claim be disallowed until the judgment is paid to Trustee. Therefore, we do not address this issue.